# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lewis A Harry, Jr., | No. CV-19-02234-PHX-DLR (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 67) regarding Defendant's Motion for Sanctions (Doc. 62). The R&R recommends granting Defendant's Motion for Sanctions for failing to comply with a Court Order compelling discovery and dismissing the case with prejudice as a sanction. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 67 at 13-14.) Plaintiff filed an objection to the R&R on February 16, 2021 (Doc. 73), and Defendants filed their response on March 17, 2021 (Doc. 74). The Court will adopt the R&R and overrule Plaintiff's objection for the following reasons.

On August 19, 2020, Judge Metcalf granted Defendants' Motion to Compel and directed Plaintiff to serve signed responses to Defendants' pending Interrogatories and Requests for Production. (Doc. 52.) Plaintiff served Supplemental Discovery Responses (Doc. 60), but Defendants filed a Motion for Sanctions (Doc. 62), arguing that Plaintiff's

supplemental discovery responses did not comply with the Order compelling discovery. The supplemental discovery responses consisted of 3 pages of unsworn text and 22 pages of documentation. (Doc. 60.) The R&R agreed with Defendants. Although the Court's ruling on Defendants' Motion to Compel (Doc. 52) gave Plaintiff directions on how to prepare adequate discovery responses, he failed to follow those directions. Particularly, the supplemental discovery responses were largely a recitation of Plaintiff's claims, did not identify the specific facts requested, made no reference to any specific interrogatories, and were not verified. And, turning to Plaintiff's excuses for his inadequate responses, the R&R found them unpersuasive. For example, Plaintiff's explanation that he could not adequately respond because he lacked access to his stored medical records was inconsistent with his admission that he placed them in storage **after** the discovery responses were due and made no showing that he attempted to access the records since. (Doc. 67 at 5.)

The R&R conducted the proper sanctions analysis, noting, "[f]irst, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." (Doc. 67 at 7 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982))). It reviewed the claims at issue and concluded that the circumstances are extreme such that, having considered the five severe sanction factors, the imposition of severe sanctions is justified. Moreover, the R&R explained that there is no practical way to craft an order limited to specific findings or evidentiary restrictions and noted that the order compelling discovery "cautioned that a failure to fully comply with this Order may result in a grant of sanctions pursuant to Federal Rules of Civil Procedure 37(b)." Therefore, the R&R decided that the only effective solution is dismissal. (Doc. 67 at 12.)

Instead of addressing the R&R's findings or justifying the problems with his discovery responses, Plaintiff complains in his objection about a variety of unsatisfactory discovery responses he received from Defendants. The sufficiency of Defendants' discovery responses is irrelevant to the Court's consideration of the R&R, which addresses only Plaintiff's discovery responses. In addition, Plaintiff fails to explain why he neglected

to follow the Court's discovery roadmap, why he did not access his storage records in completing his discovery responses, or why accessing such records was required in the first place.[1]

The Court has considered Plaintiff's objection and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that Plaintiff's supplemental discovery responses were inadequate, were in violation of the order granting Defendants' Motion to Compel, and "Plaintiff has left Defendants exactly where they were before the Court's Order compelling responses." (Doc. 67 at 6.) Finally, the Magistrate Judge correctly found that there is no practical way to craft an order limited to specific factual findings or evidentiary restrictions.

Therefore, the Court accepts the R&R's recommended disposition within the meaning of Rule 72(b), Fed. R. Civ. P. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"). Accordingly,

**IT IS THEREFORE ORDERED** that the R&R (Doc. 67) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions (Doc. 62) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants shall file their application for reasonable expenses, including attorney's fees within fourteen days of this order.

**IT IS FURTHER ORDERED** that, upon resolution of Defendants' application for reasonable expenses, or the expiration of time for such application without one being filed, Plaintiff's Complaint (Doc.1) and this action is **DISMISSED WITH PREJUDICE.**

Dated this 17th day of May, 2021.

Douglas L. Rayes
United States District Judge

---

[1] Prior to the filing of the R&R, Plaintiff did not seek assistance in obtaining the allegedly necessary records he claims Defendants put in storage.