**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Lewis A. Harry, Jr., Plaintiff -vs- State of Arizona, et al., Defendants. | CV-19-2234-PHX-DLR (JFM) **Report & Recommendation** |

This matter is before the undersigned magistrate judge on referral for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). Because the undersigned is inclined to recommend dispositive orders, the undersigned proceeds by way of a Report & Recommendation to the referring district judge, pursuant to 28 U.S.C. § 636(b)(1)(B).

**Background** - On April 4, 2019, Plaintiff commenced this civil rights case *pro se* by filing his original Complaint (Doc. 1) which, after screening, asserted deliberate indifference claims related to diet and medical care. Ultimately, the Court granted Defendants' Motion for Sanctions based on Plaintiff's failure to comply with the Order mandating discovery responses and directed the dismissal of the case with prejudice after resolution of Defendants' expenses. (Order 5/17/21, Doc. 77.) Defendants had filed an Application (Doc. 78) for expenses but have since withdrawn that application (Doc. 84).

**Death of Plaintiff** - On June 14, 2021, Defendants filed a Notice of Suggestion of Death under Federal Rule of Civil Procedure 25(a), asserting Plaintiff Harry died on June 10, 2021, that they had identified a next-of-kin (a sister), Lynette Campbell, and that they would proceed with service by certified mail. (Statement of Death, Doc. 79.) In an Order filed June 15, 2021 (Doc. 80), the Court observed that Rule 25 generally required service pursuant to Rule 4 for non-parties, *i.e.* personal service, and set a deadline for completion of service. On July 28, 2021, Defendants filed a "Supplement" (Doc. 86) with attached

emails, to establish actual receipt of the notice by Campbell, and a purported waiver of service.  The only communication of record from Ms. Campbell acknowledges receipt of Defense counsel's email (which purportedly attached the "required documents," i.e. the notice of suggestion of death), and asks about the "next steps."  (Supplement, Doc. 86, Exh. A, Email 7/26/21.

**Rule 25 Not Satisfied** - Federal Rule of Civil Procedure 25(a) provides: "A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Here, the prerequisites for dismissal have not been met.[1]

Federal Rule of Civil Procedure 25(a)(3) requires that a statement noting death must be served in the same manner as a motion to substitute. The same rule provides that service of such motions on nonparties must be made "as provided in Rule 4." Federal Rule of Civil Procedure 4 authorizes service by certified mail only on the United States and its agencies, corporations, officers or employees. *See* Fed. R. Civ. P. 4(i). Service on individuals is generally governed by Rule 4(e) and requires personal service by delivery, etc. *But see* Fed. R. Civ. P. 4(e)(1) (authorizing service on individual in accordance with state law for service of summons).

The service by certified mail anticipated by Defendants on Plaintiff's non-party successors was insufficient to trigger the 90-day cutoff for motions to substitute under Rule 25(a)(1). *See Gilmore v. Lockard*, 936 F.3d 857, 866 (9th Cir. 2019); and Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).  Likewise, the attempted service by email is not authorized.  While Rule 4(d) allows for service by mail followed by a waiver of service, here Ms. Campbell has not executed a waiver, nor even unequivocally waived service in

---

[1] The undersigned assumes *arguendo* that Defendants' consultation of Plaintiff's prison file for a next-of-kin satisfied the obligation of defendants in a suit by a *pro se* plaintiff to undertake reasonable investigations to find a successor.  *See Gravesbey v. Byrd-Hunt*, 2020 WL 4226624 (S.D. Cal. July 23, 2020) (and cases cited therein).

her email. At most, she acknowledges receipt of defense counsel's email.[2]

Thus, the time for filing a motion to substitute has not commenced running, and no dismissal under Fed. R. Civ. P. 25 is authorized.

**Claim Not Extinguished** – Defendants suggest Plaintiff's claims may be extinguished. Rule 25 only applies where the party's claims are not extinguished by their death.

Whether a § 1983 claim survives the death of the plaintiff or is thereby extinguished are generally governed by state law. *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978) (acknowledging that federal policies may preclude extinguishment in certain instances). Arizona's survival statute states that "[e]very cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person." A.R.S. § 14-3110. A civil rights claim is not among the identified claims excepted from the survival statute, and thus such claims are not extinguished. *Briggs v. Cty. of Maricopa*, CV-18-02684-PHX-EJM, 2020 WL 3440288, at *3 (D. Ariz. June 23, 2020).

**Dismissal Already Ordered** – Prior to Plaintiff's death, the Court had already directed the dismissal of this action upon resolution of Defendants' expenses claim. (Order 5/17/21, Doc. 77.) That claim was resolved by Defendant's withdrawal of the request (Doc. 84). Consequently, the case has effectively already been ordered dismissed with prejudice.

Therefore, notwithstanding the death of Plaintiff, the survival of the claim, and the continuation of the time for substitution, this case should now be dismissed with prejudice.

---

[2] If Ms. Campbell's reply email (sent July 26, 2021 and asserting having previously "overlooked" defense counsel's email) were to reflect the date of service, her time to move to substitute would not expire until October 25, 2021.

Accordingly, dismissal will be recommended.[3]

**IT IS THEREFORE RECOMMENDED**:

(A)  The reference of this case to the Magistrate Judge be **WITHDRAWN**.

(B)  This action be **DISMISSED WITH PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007). In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: September 30, 2021

19-2234o Order 21 09 29 re RR to Dismiss No Subst.docx

James F. Metcalf
United States Magistrate Judge

---

[3] If the Court is not inclined to adopt this Report & Recommendation, the undersigned would intend to direct defendants to conduct a good faith investigation for appropriate successors (*i.e.* appointed personal representatives, etc.) and to complete personal service of the suggestion of death.

- 4 -